UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| VALERIE TAGGERT-JEFFRIES, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 4:10 CV 1140 DDN |
| ) | |
| ) | |
| MICHAEL J. ASTRUE, ) | |
| Commissioner of Social Security, ) | |
| ) | |
| Defendant. ) | |

## **MEMORANDUM**

This action is before the court on the motion of the defendant Commissioner of Social Security to remand the application of plaintiff Valerie Taggert-Jeffries for disability insurance benefits and supplemental security income under Titles II and XVI of the Social Security Act (Doc. 16). The parties have consented to the exercise of plenary authority by the undersigned United States Magistrate Judge pursuant to 28 U.S.C. § 636(c). (Doc. 11.) For the reasons set forth below and to the extent set forth below, the Commissioner's motion is sustained.

## **I. BACKGROUND**

On November 14, 2006, plaintiff filed an application for disability insurance benefits and supplemental security income, alleging an onset date of disability of February 24, 2006. After her application was denied, plaintiff requested a hearing. Plaintiff was granted a hearing, and the Administrative Law Judge (ALJ) conducted a hearing on January 14, 2008. At the hearing, plaintiff amended her alleged onset date of disability to November 8, 2006. On March 25, 2008, the ALJ denied plaintiff's claim. Plaintiff subsequently sought review by the Appeals Council, but was denied review on April 29, 2010. (Docs. 1, 19.)

Plaintiff reapplied for benefits, and on September 23, 2010, another ALJ issued a favorable decision. (Doc. 19-1.) According to the second ALJ, plaintiff has been disabled since March 26, 2008. (Id.)

On June 25, 2010, plaintiff commenced this action for judicial review of the first ALJ's decision. (Doc. 1.) Plaintiff argues that the first ALJ improperly rejected her most recent IQ scores; the ALJ's finding that plaintiff did not meet Listing 12.05(C) is not supported by substantial evidence; the ALJ did not properly evaluate Dr. Moore's opinion; the ALJ failed to properly evaluate plaintiff's impairments of coronary artery disease, lower extremity edema, and impairments of the right shoulder; the ALJ's determination of plaintiff's residual functioning capacity (RFC) is not supported with substantial evidence; the ALJ failed to perform a function-by-function assessment of plaintiff's RFC; and the ALJ failed to obtain evidence from a vocational expert (VE) regarding plaintiff's nonexertional impairments. (Docs. 1, 19.)

## II. MOTION TO REMAND

Defendant moves to remand plaintiff's application to the ALJ for further review under Sentence Four of 42 U.S.C. § 405(g). (Doc. 16.) Defendant states that the Appeals Council determined that remand is appropriate, and that if remand is granted, the Appeals Council will remand to the ALJ. The ALJ will "obtain testimony from a vocational expert to determine the effect of [p]laintiff's severe mental impairment on her ability to perform jobs that exist in significant numbers in the national economy." (Id.)

Plaintiff generally does not oppose defendant's motion to remand. (Doc. 20.) Plaintiff only objects to the scope of defendant's motion to remand. Specifically, plaintiff seeks to limit reconsideration of her eligibility for benefits to the period of February 24, 2006 (her alleged onset date of disability), through March 26, 2008 (the onset date of disability found by the second ALJ). Plaintiff also notes that she raised several arguments of error, and that on remand, the ALJ should also properly evaluate her RFC, the medical opinion evidence, her impairments, and whether she meets Listing 12.05(C), in addition to obtaining additional VE testimony. (Id.)

Defendant has not opposed plaintiff's requests. Therefore, the cause is remanded for further proceedings consistent with plaintiff's requests.

### III. CONCLUSION

For the reasons set forth above, the motion of the defendant Commissioner of Social Security to remand (Doc. 16) is sustained as set forth below. The final decision of the defendant Commissioner of Social Security is reversed and remanded for further proceedings, described below, under Sentence Four of 42 U.S.C. § 405(g).

Upon remand, the Administrative Law Judge shall reconsider plaintiff's allegations of disability but only for the period of February 24, 2006 through March 25, 2008; and in doing so, the ALJ shall (1) obtain testimony from a vocational expert to determine the effect of plaintiff's severe mental impairment on her ability to perform jobs that exist in significant numbers in the national economy; (2) reconsider the formulation of plaintiff's residual functional capacity; (3) reconsider whether plaintiff satisfies Listing 12.05(C); and (4) reconsider the relevant medical opinion evidence.

An appropriate Judgment Order is issued herewith.

    /S/   David D. Noce
**UNITED STATES MAGISTRATE JUDGE**

Signed on November 17, 2010.