UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

VALERIE TAGGERT-JEFFRIES,          )
                                   )
            Plaintiff,             )
                                   )
      v.                           )        No. 4:10 CV 1140 DDN
                                   )
MICHAEL J. ASTRUE,                 )
Commissioner of Social Security,   )
                                   )
            Defendant.             )

## MEMORANDUM AND ORDER

This action is before the court on the motion of plaintiff's counsel for attorney's fees pursuant to the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412 (Doc. 23). The parties have consented to the exercise of plenary authority by the undersigned United States Magistrate Judge pursuant to 28 U.S.C. 636(c) (Doc. 11).

## I. BACKGROUND

On June 25, 2010, plaintiff filed her complaint, challenging the adverse ruling by a Social Security Administration Administrative Law Judge (ALJ) against her. (Doc. 1.) On August 27, 2010, defendant filed his answer. (Doc. 13.) By local rule, plaintiff's brief in support of the complaint was due by September 27, 2010. See E.D. Mo. L.R. 9.02. On September 13, 2010, defendant moved to remand the case to the ALJ. (Doc. 16.) On September 21, 2010, the court sustained plaintiff's motion for an extension of time to November 1, 2010, to object to the motion to remand and to file a brief in support of the complaint. On November 1, plaintiff filed a brief in support of her complaint (Doc. 19), and a response to defendant's motion to remand (Doc. 20). In response to the motion, plaintiff agreed to remand, but objected to the scope of issues on remand. (Doc. 20.) On November 17, 2010, the court sustained defendant's motion to remand, directing the ALJ to reconsider certain issues raised by plaintiff and defendant. (Docs. 21, 22.)

Plaintiff's counsel moves for attorney's fees in the amount of $7,200.42, based on an hourly fee of $175.62 and 41 hours spent on the case. (Doc. 23.) Defendant opposes, arguing that the amount of

plaintiff's counsel's fee request is unreasonable given defendant's willingness to remand, and that plaintiff's counsel should not be awarded fees for time spent composing a brief after defendant already agreed to remand. (Doc. 24.) Plaintiff's counsel replies that the additional briefing was necessary to support her arguments regarding the scope of remand. (Doc. 25.)

## II. DISCUSSION

### Response to Motion to Remand and EAJA Award Dispute

The parties do not dispute that plaintiff's counsel is entitled to fees for time spent responding specifically to defendant's motion to remand, in which plaintiff successfully expanded (and restricted) the scope of remand. Plaintiff's counsel's request for fees for 6.1 hours responding to defendant's motion is reasonable and undisputed, and therefore will be sustained.

Similarly, the parties do not dispute that plaintiff's counsel is entitled to fees for time spent litigating the EAJA award. Crawford v. Barnhart, No. 01 C 1198, 2002 WL 31049851, at *4 (N.D. Ill. Sept. 12, 2002). Plaintiff's request of 1.6 hours litigating the EAJA award disputes is reasonable and undisputed, and therefore will be sustained.

### Social Security Brief

Under the EAJA, the court has discretion to deny attorney's fees where "equitable considerations dictate an award should not be made." Holmes v. Astrue, No. 3:08-1829-CMC-JRM, 2010 WL 3220085, at *4 (D.S.C. Aug. 12, 2010). "On occasion, courts have denied attorney's fees for hours expended after the Commissioner's offer of remand because this situation constitutes a 'special circumstance' that would make an award of benefits inequitable." Id. However, "if by opposing a motion by the government to remand a case, a plaintiff could reasonably hope to obtain a remand order with significant specific directives guiding the review beyond those suggested by the Commissioner, the work associated with such an opposition would be reasonably expended and the results obtained would be significant." McLaurin v. Apfel, 95 F. Supp. 2d 111, 117 (E.D.N.Y.

2000).  In that case, the plaintiff's counsel may recover fees for time spent opposing or seeking to alter the terms of remand.  Id.

Pursuant to the court's September 21, 2010 Order, plaintiff had additional time to file a brief in support of the complaint and a response to defendant's motion to remand.  If plaintiff sought judicial determination of her eligibility for benefits, then a brief in support of the complaint would have been necessary.  However, plaintiff did not seek an entry of disability in disputing defendant's motion to remand; plaintiff sought to expand (and restrict) the scope of remand.  As such, "a short [response] brief," such as plaintiff's 3-page response brief (Doc. 20), would have sufficed without the 16-page brief (Doc. 19) filed contemporaneously with the response brief.  Cf. Sarro v. Astrue, 725 F. Supp. 2d 364, 367 (E.D.N.Y. 2010).  See also Williams v. Barnhart, No. 02-CV-125, 2003 WL 22795714, at *2 (E.D. Pa. Nov. 7, 2003) (denying attorney's fees for reply brief that restated arguments contained in original motion as "unnecessary and redundant").

Further, "the commissioner might have agreed to a more specific remand order had plaintiff asked."  Uphill v. Barnhart, 271 F. Supp. 2d 1086, 1096 (E.D. Wis. 2003).  Defendant did not oppose plaintiff's additional grounds for consideration upon remand, and it is likely the matters could have been consented to without the need of significant briefing.  Plaintiff contends that the brief was needed to support her request for additional considerations upon remand.  However, plaintiff "does not allege that [s]he sought additional directives and was rebuffed."  Id.

In addition, plaintiff's counsel did not begin preparing the brief until nearly five weeks after defendant's motion to remand.  See (Doc. 23-1 at 5.)  "When courts consider whether attorney's fees should be awarded for hours expended after the Commissioner's voluntary motion for remand, they generally examine both the timing of the Commissioner's motion for remand and whether the plaintiff agreed to the remand."  Holmes v. Astrue, 2010 WL 3220085, at *4 (D.S.C. Aug. 12, 2010).

That said, plaintiff's counsel had to assimilate the record to decide whether to seek alterations to defendant's proposed scope of remand.  Thus, some of the time spent preparing the brief in support of

the complaint was necessary to respond to the motion to remand. However, plaintiff's counsel represented her at the administrative hearing (Tr. 9), making her familiar with the 937-page administrative record, and a formal brief in support of the complaint, including a summary of the administrative record, was not required. In addition, plaintiff's brief in support of the complaint argued that the ALJ erred by not seeking the testimony of a vocational expert (VE), despite the government's stipulation that remand was appropriate because the ALJ was required to seek testimony from a VE. (Doc. 16 at 1-2.)

In sum, because plaintiff may have "obtained some benefit" from the brief in support of the complaint, <u>Uphill</u>, 271 F. Supp. 2d at 1096, because plaintiff's counsel had to incur some amount of fees to adequately respond to defendant's motion to remand, and to avoid a harsh, potentially inequitable result, the court will grant 50% of the remaining requested fees incurred preparing the brief, yielding 16.65 hours. This, along with the 7.7 hours of fees incurred, at the requested rate of $175.62, yields $4,276.35 in recoverable fees.

### III. CONCLUSION

For the reasons discussed above,

**IT IS HEREBY ORDERED** that the motion of plaintiff's counsel for an award of attorney's fees (Doc. 23) under the Equal Access to Justice Act, 28 U.S.C. § 2412, is sustained in part and denied in part. Plaintiff is awarded the total sum of $4,276.35. The payment of the award under the EAJA shall be awarded directly to plaintiff's counsel, Brigid A. McNamara.

       /S/   David D. Noce
       **UNITED STATES MAGISTRATE JUDGE**

Signed on January 28, 2011.

-4-